UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14cv_____
[Criminal Docket No. 3:10-cr-00124-MOC]

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **TODD C. SNEAD,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on petitioner's letter dated January 21, 2014 (#364). Review of the defendant's letter reveals that petitioner seeks a recommendation by this court of placement in a Residential Re-Entry Center based on his good conduct and accomplishments during his incarceration and to facilitate his transition after release. Title 18, United States Code, Section 3621(b), provides in relevant part as follows:

> **(b) Place of Imprisonment.**— The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>
> * * *
>
> (4) any statement by the court that imposed the sentence—
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate . . . .

18 U.S.C. § 3621(b). The *Second Chance Act*, cited by petitioner, impacts the RRC program as provided by Section 3621, and provides as follows in pertinent part:

1

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Placement of an inmate in an RRC during the final portion of his sentence is sometimes referred to as "pre-release RRC placement" and placement of an inmate in an RRC at any other point during his sentence pursuant to § 3621(b) is called an "anytime RRC placement." Delfino v. Berkebile, 2011 WL 1088013, *3 (S.D.W.Va. March 23, 2011).

Construing such letter in a light most favorable to petitioner, the court considers it to be a motion made in accordance with 28, United States Code, Section 2255, requesting the court to amend its Judgment in a manner as to recommend placement in such program during the final year of incarceration   When considered under Section 2255, the motion is time barred as it was filed more than one year after the date on which Judgment became final, 28 U.S.C. § 2255(f)(1), and more than one year after the date on which the facts supporting the claims could have been discovered. 28 U.S.C. § 2255(f)(4).[1]

To the extent petitioner asks that the court grant relief in the first instance under the *Second Chance Act of 2007*, the provisions of 18, United States Code, Section 3624(c), concern actions to be taken by the Director of the Bureau of Prisons, not the court. Whether to place a person in any pre-release program appears to be a duty delegated to the Executive Branch and not the Judiciary. Matters Congress delegates to the Director of the Bureau of Prisons are not left to the discretion of the courts. See United States v. Stubbs, No. 97-4948, 1998 WL 387253, at *1 (4th Cir. June 24, 1998) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329

---

[1] The court has not provided a Castro notice inasmuch as petitioner's time for filing a petition had lapsed at the time he filed the instant letter.

(1992)). The Director of Bureau of Prisons is uniquely qualified to determine what re-entry programs are appropriate for an incarcerated person as the Director is familiar with petitioner's adjustment and accomplishments while incarcerated, while the court has no credible basis for making any such determination.

Finally, the court has considered whether petitioner is alleging that he has been denied any relief by the Bureau of Prisons under the *Second Chance Act of 2007*. Close review of the petition does not reveal any allegation that he exhausted his administrative remedies prior to seeking *habeas* relief. This means that petitioner must fully exhaust all avenues for relief afforded by the Bureau of Prisons before filing a petition with this court. The earliest petitioner is likely to know whether the BOP will place him in an RCC is 19 months prior to his release date. Delfinoe, 2011 WL at *4. Even if he had exhausted his BOP administrative remedies, such a motion would likely be a challenge brought under 28, United States Code, Section 2241, in the district in which he is incarcerated, id., which appears to be the Northern District of Georgia.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) petitioner's letter dated January 21, 2014 (#364) is construed to be a Motion to Vacate, Set Aside, or Modify a Judgment Under Section 2255;

(2) the Clerk of Court is instructed to open a civil action and docket such letter as a Section 2255 action;

(3) petitioner's letter dated January 21, 2014 (#364) is construed to be a Motion to Vacate, Set Aside, or Modify a Judgment Under Section 2255, and is **DENIED** without prejudice as untimely and for failure to assert a claim that is cognizable by this court.

3

Petitioner is encouraged strongly to work with his case manager in seeking an appropriate plan under the Second Chance Act. Petitioner is further encouraged to continue with his pursuit of programs that will assist him upon his release.

## Denial of Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller El v. Cockrell, 537 U.S. 322, 336 38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: 1/30/2014

Max O. Cogburn Jr.
United States District Judge